Judge Berman

08 CV 3620

214-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
VARDHMAN SHIPPING PVT LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

APR 15 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VARDHMAN SHIPPING PVT LTD.,

        Plaintiff,

-against-

HERNING SHIPPING AS,

        Defendant.

---

08 Civ _____ (___)

**VERIFIED COMPLAINT**

Plaintiff, VARDHMAN SHIPPING PVT LTD. (hereinafter "VARDHMAN") for its Verified Complaint against Defendant HERNING SHIPPING AS (hereinafter "HERNING") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

NYDOCS1/302700.1

2.  At all times material hereto, Plaintiff VARDHMAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at R.V. Shah's Bunglow, Surendranagar 363001, Gujarat, India.

3.  At all times relevant hereto, Defendant HERNING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Theresavej 1, 7400 Herning, Denmark.

4.  On or about November 15, 2006, Defendant HERNING, as disponent owner[1], entered into a maritime contract of charter party with Plaintiff VARDHMAN, as charterer, for use of the M/T KRISTINA THERESA to carry several cargos of oil products produced by various major oil companies.

5.  Under the Vetting Clause of the charter, Defendant HERNING warranted that no later than four months after the vessel was delivered to VARDHMAN, the vessel and her management would be approved to receive cargos from four of the following major oil companies: Exxon Mobil, Chevron Texaco, Shell, BP-Amoco, Total-Final-Elf, Stat Oil and Kuwait Petroleum, and that no later than six months after the vessel was delivered to VARDHMAN, the vessel and her management would be approved to receive cargos from the remaining three major oil companies listed above.

6.  Should HERNING fail to comply with the Vetting Clause, the charter provided that Plaintiff VARDHMAN had the option to place the vessel off-hire until such time Defendant HERNING ensured that the vessel and her management were in compliance.

7.  During the course of the charter, VARDHMAN negotiated for the carriage of several cargos with various major oil companies, which failed due to HERNING's failure to obtain the necessary approvals pursuant to the Vetting Clause, in breach of the charter.

---

[1] HERNING is not the actual owner of the vessel but instead had chartered the vessel from another entity.

8.  Due to HERNING's breach of the charter, VARDHMAN was forced to negotiate with non-major oil companies at a lower-rate.

9.  Out of the total 440 days the vessel was actively in the service of VARDHMAN, the vessel was able to carry four cargos of major oil companies over a period of 71.03 days for an average income of $24,568.22 per day.

10. For a period of 368.44 days, the vessel was only able to carry the cargos of lesser earning non-major oil companies for an average income of $15,314.16 per day.

11. Accordingly, due to HERNING's breach of the charter, VARDHMAN suffered a loss of income in the amount of $3,409,565.86 = $9,254.06 per day x 368.44 days.

12. On March 18, 2008, VARDHMAN exercised its right under the charter to place the vessel off-hire due to HERNING's failure to obtain approvals with major oil companies pursuant to the Vetting Clause.

13. In further breach of the charter, HERNING wrongfully terminated the charter on April 9, 2008.

14. Accordingly, for the remaining balance of the charter from March 18 to November 27, 2008 (or 255 days), VARDHMAN suffered additional lost profits of $9,254.06 per day (the difference between the average income generated by cargos of major oil companies and non-major oil companies) for a total loss of $2,359,785.30.

15. In sum, the damages arising out of Defendant HERNING's breaches of the charter include:

    (a) lost profits for 368.44 days in the amount of $3,409,565.86;
    (b) lost profits from March 18 and November 27, 2008 in the amount of $2,359,785.30,

for a sum total of $5,769.351.16.

16. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and VARDHMAN specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

17. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff VARDHMAN's claims made or to be made in the London arbitration under English law, as agreed by the parties.

18. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

19. Plaintiff VARDHMAN estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $550,000. Interest anticipated to be awarded is estimated to be $1,335,254.68 (calculated at the rate of 7% per annum compounded quarterly for a period of 3 years, the estimated time for completion of the proceedings in London).

20. In all, the claim for which Plaintiff VARDHMAN sues in this action, as near as presently may be estimated, totals **$7,654,605.84**, no part of which has been paid by Defendant HERNING, despite due demand. Plaintiff VARDHMAN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure VARDHMAN.

### Request for Rule B Relief

21. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant HERNING SHIPPING AS (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

22. The total amount sought to be attached pursuant to the above is **$7,654,605.84**.

WHEREFORE, Plaintiff VARDHMAN SHIPPING PVT LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$7,654,605.84** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant HERNING SHIPPING AS, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 15, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
VARDHMAN SHIPPING PVT LTD.

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
15th day of April 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Comm... Expires 4/1/ /0