UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VARDHMAN SHIPPING PVT LTD.,

        Plaintiff,

  - against -

HERNING SHIPPING AS,

        Defendant.
------------------------------------------------------------X

08 Civ. 3620 (RMB)

### STIPULATION AND ORDER APPROVING POSTING OF SUBSTITUTE SECURITY TO SECURE RELEASE OF ATTACHED FUNDS

WHEREAS, the Plaintiff, VARDHMAN SHIPPING PVT LTD., ("Plaintiff") has obtained an Ex Parte Order authorizing issuance of Process of Maritime Attachment and Garnishment against the Defendant, HERNING SHIPPING AS, ("Defendant") in the amount of $7,654,605.84 as security for its claim as alleged in a Verified Complaint dated April 15, 2008; and

WHEREAS the Defendant seeks to provide substitute security in the form of a bank guarantee (in the form attached as Exhibit One) for such alleged claims without waiver or prejudice of any of Defendant's rights or defenses including, but not limited to, any and all defenses to the claims set forth in Plaintiff's Verified Complaint, Defendant's right to challenge the validity of the ex parte order of maritime attachment, Defendant's right to seek a reduction in the amount of the guarantee pursuant to Supplemental Admiralty Rule E(6) of the Federal Rules of Civil Procedure, and Defendant's right to seek countersecurity from Plaintiff pursuant to Supplemental Admiralty Rule E(7) of the Federal Rules of Civil Procedure; and

WHEREAS the bank guarantee is to be given by Defendant to Plaintiff as substitute security to secure the release of Defendant's property attached in the Southern District of New York and is intended to stand in the place of Defendant's attached property as though the bank guarantee was a bond within the meaning of Supplemental Admiralty Rule E(5) of the Federal Rules of Civil Procedure; and

WHEREAS the parties agree that this action shall not be voluntarily dismissed without the consent of the Defendant in order to allow Defendant sufficient time to file a responsive pleading and *inter alia* a motion to vacate the attachment and/or a motion to reduce the attachment and/or a motion for countersecurity; and

WHEREAS in the event the bank guarantee is ordered to be returned or reduced by any court of competent jurisdiction or by the London arbitration tribunal, Plaintiff shall not be deemed to have waived any right that it may have to seek other security for its claims elsewhere in the world; and

WHEREAS if the quantum of the security provided under the bank guarantee is ordered by any court of competent jurisdiction and/or the London arbitration tribunal to be reduced, Defendant will arrange for a substitute bank guarantee in the reduced amount; and

WHEREAS the Plaintiff does not concede that the London arbitral Tribunal is the proper body to address any application by Defendant to reduce the amount or order the return of the bank guarantee to be posted by Defendant; and

WHEREAS the Plaintiff shall not be deemed to have waived any right that it may have to take actions to prosecute its claims or defend against counterclaims including, but not limited to, for example, commencing proceedings to obtain discovery in the form of testimony or documents from non-parties;

And now, on the stipulation as indicated above of counsel for Plaintiff, Vardhman Shipping Pvt Ltd., and counsel for Defendant, Herning Shipping AS, Defendant, to the amount of substitute security to be posted, pursuant to Supplemental Admiralty Rule E(5) and 28 U.S.C. § 2464, for the purpose of dissolving the maritime attachment issued hereunder;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. In exchange for Defendant's posting of substitute security in the form of a bank guarantee in the amount $7,654,605.84 in favor of Plaintiff to secure the claims as alleged in the Verified Complaint, that the maritime attachment of the Defendant's property in the hands of any and all garnishees in the within proceedings is hereby dissolved and vacated and that the case shall proceed in ordinary course; and

2. Any garnishee holding property of the Defendant pursuant to any ex parte order of maritime attachment issued in this case is hereby ordered and directed to release such property pursuant to written instructions to be provided by letter from Defendant's counsel to any such garnishee, together with a copy of this Order.

Dated: May  7 , 2008

_____RMB_____
RICHARD M. BERMAN, U.S.D.J.

The parties stipulated and consent to the entry of the above Order:

The Plaintiff,
VARDHMAN SHIPPING PVT LTD.,

By: _____
Michael E. Unger (MU 0045)
FREEHILL HOGAN & MAHAR LLP
80 Pine Street
New York, NY 10005
Phone (212) 425-1900
Fax (212) 425-1901
Unger@freehill.com


The Defendant,
HERNING SHIPPING AS,

By: _____  5/7/08
Charles E. Murphy (CM 2125)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
Phone (212) 490-6050
Fax (212) 490-6070
cem@lenmur.com

EXHIBIT 1

# Handelsbanken

Vardhman Shipping Pvt Ltd.
Shah's Bungalow, Surendranager
363001, Gujarat
India

Trade Finance
Østergade 2, 7400 Herning
Tlf. 4456 2303
Fax 9626 2898
Telex 62 107 SWIFT: HANDDKKK
www.Handelsbanken.dk

30. April 2008

## BANK GUARANTEE NO. 7620/0120715

We hereby issue our guarantee in your favour as follows:

Vessel:         "KRISTINA THERESA"

Charterparty:   15.11.2006 (the "Charterparty")

Claims:         Claims of Vardhman against Herning Shipping AS ("Herning") under the
                Charterparty as referred to in the New York Proceedings hereinafter defined.

In consideration of:

1) Vardhman immediately taking all necessary steps to vacate the ex parte order of maritime attachment and garnishment issued against Herning in the proceedings that Vardhman have commenced before the United States District Court for the Southern District of New York, under case number 08 CV 3620 (the "New York proceedings") and releasing all and any sums which have been attached in New York pursuant to or in connection with the New York proceedings and orders made therein, and

2) Vardhman refraining from, in respect of the Claims asserted in the New York proceedings, attaching, arresting, detaining, enforcing against and/or in any way whatsoever interfering with any and all assets of any kind whatsoever belonging to Herning or any associated companies, and

3) Vardhman promptly returning the original of this guarantee to us upon either

    1)   The claims being settled in writing between Vardhman and Herning, and payment by Herning of any sum(s) agreed to be due to Vardhman,

    2)   The collection of a final and unappealable award in the aforesaid arbitration proceedings, or the handing down of a final and unappealable judgment of a court of competent jurisdiction on appeal therefrom, which has the effect that, overall, no payment in respect of the Claims is due to Vardhman from Herning, or

Side 1

# Handelsbanken

    3)     Receipt by Vardhman of such sum or sums as may be awarded and/or adjudged to be due to Vardhman from Herning of such sum as may be found to be due to be to Vardhman pursuant to a final and unappealable award in the aforeseaid arbitration proceedings, or a final and unappealable judgment of a court of competent jurisdiction on appeal therefrom.

We Handelsbanken, Østergade 2, 7400 Herning, Denmark hereby irrevocably guarantee to pay to Vardhman within 14 days of Vardhman's first written demand such sum(s) as may

(i)     Be agreed in writing by Vardhman and Herning, to be due to Vardhman in respect of the Claims or

(ii)     To be adjudged due to Vardhman pursuant to a final and unappealable award in the aforesaid arbitration proceedings, or a final and unappealable judgment of a court of competent jurisdiction on appeal therefrom.

PROVIDED THAT

(i)     Our overall liability hereunder shall not exceed the total sum of US$ 7,654,605.84 (United States Dollars seven million six hundred and fifty four thousand six hundred and five and eighty four cents) inclusive of all interest and costs, and

(ii)     Any demands for payment hereunder shall be made in writing to us, Handelsbanken accompanied by either a settlement agreement signed by (or on behalf of) Vardhman and Herning, or by copy of the original final and unappealable award in the aforesaid arbitration proceedings or a copy of the final and unappealable judgment of a court of competent jurisdiction on appeal therefrom.

(iii)     We further agree that this guarantee shall be a continuing guarantee for a period of 1 year from the date hereof, i.e., 25th April 2008, and we further agree that without being called upon to do so, we will before 25th April 2009, the expiry of this guarantee, extend this guarantee for another year unless this guarantee has been released to Vardhman in the same terms and conditions as this guarantee including this present covenant for renewal and that Vardhman shall be entitled to any number of renewals of this guarantee, each for a further period of one year until the final disposal of the claims and/or the return of this guarantee.

This guarantee is given entirely without prejudice to any and all rights and defences whatsoever which are or may be available to Herning and/or to any claim(s) which Herning may have against Vardhman and/or any rights of limitation of liability according to international conventions or local laws and/or Herning's right to seek a reduction of the amount of this guarantee in the New York proceedings. This guarantee is given as substitute security to secure the release of Herning's property attached in the Southern District of New York. This guarantee is intended to stand in the place of Herning's attached property as though it was a bond within the meaning of Supplemental Admiralty Rule E(5) of the Federal Rules of Civil Procedure. This guarantee is provided as substitute security for such alleged claims by Vardhman without waiver or prejudice of any of Herning's rights including, but not limited to, any and all defenses to the claims set forth in Vardhman's Verified Complaint and any and all defenses or rights in respect of the validity of the ex parte order of maritime attachment. It is provided without waiver of Herning's right to seek a reduction in the New York proceedings of the amount of this guarantee pursuant to Supplemental Admiralty Rule E(6) of the Federal Rules of Civil Procedure, and without waiver of Herning's right

# Handelsbanken

to seek counter-security from Vardhman in the New York proceedings pursuant to Supplemental Admiralty Rule E(7) of the Federal Rules of Civil Procedure.

Should an order be entered in the New York proceedings reducing the sum of security for which Vardham is entitled, we further agree to issue a new guarantee for the reduced sum.

This guarantee is governed by English law, and any and all claim(s) and dispute(s) arising out of or in connection with this guarantee shall be subject to the exclusive jurisdiction of the High Court of England and Wales. For the purpose of enforcement hereof or for service of any claim or proceedings in connection herewith, our address for service in England and Wales is:

Handelsbanken, Østergade 2, 7400 Herning, Denmark

Handelsbanken