UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

VARDHMAN SHIPPING PVT. LTD

                           Plaintiff,

      - against --

HERNING SHIPPING AS,

                     Defendant.

-------------------------------------------------------------------------X

08 Civ. 3620(RMB)

**DECLARATION OF JOHN HICKS IN OPPOSTION TO DEFENDANT'S
MOTION FOR COUNTER-SECURITY**

       I, John Hicks, hereby declare and say the following under penalty of perjury:

1.  I make this Declaration in response to the Declaration of Nicholas Wilson dated 2nd June.

2.  In paragraph 5 of his Declaration Mr. Wilson admits that the Defendant had failed to comply with Clause 65 of the Charterparty since they were in breach of their warranty to obtain at least four major oil company approvals by no later than 29th March 2007. He then seeks to justify this breach of Charterparty by the Defendants by relying upon the exclusions which appear at the end of Clause 65.

3.  The first exclusion is that Owners shall not be responsible for any failure to obtain the approvals of oil majors if the vessel is trading to areas where they will not inspect a vessel. In paragraph 8 Mr. Wilson seeks to excuse the Defendant's failure to obtain the last three outstanding approvals in May 2007 because the vessel was then in West Africa. This ignores the fact that from the time of delivery on 29th November 2006 until 29th May 2007, the six month cut-off point by when all seven approvals were required to be obtained, the vessel had been trading in a series of areas where oil major approvals could easily have been obtained. I attach a schedule of movements of the vessel which I have downloaded from Lloyd's MIU which records that the vessel during that time was in Malaysia, Singapore, Indonesia, South Africa, Brazil, the United States, the Netherlands, Belgium and Canada. I note Mr. Wilson does not review the vessel's trading history or attempt to explain when or where inspections could not be carried out and I respectfully suggest that this argument must fall away entirely: it is selfevident in my submission that oil major inspections can be carried out in these countries.

4.   The alternative argument put forward by Mr. Wilson under the exclusion appearing at the end of Clause 65 of the Charterparty is that the Owners shall not be responsible if the oil majors have no commercial interest in the vessel and are thus unwilling to inspect it. I cannot see anything in Mr. Wilson's Declaration which supports this line of argument either: instead he rather contradicts himself by saying in paragraphs 5/6 that four majors inspected the vessel in the space of less than a month prior to the expiry of the six month cut-off deadline but then complains in paragraph 8 that the three outstanding approvals could not be obtained in 16 days. He further says there was a lack of commercial interest on the part of the three majors whose approvals had not been obtained but no evidence whatsoever is put forward in support of this. The simple position is that the Owners warranted to obtain the approvals of all seven majors by no later than 29th March 2007 and they have not even attempted to put forward a reasoned argument as to why they were unable to obtain these approvals by that date. In spite of this they expect the Court to sympathise with them and to order countersecurity to be arranged by the Plaintiff. In my respectful submission this is not appropriate.

5.   In paragraph 10 Mr. Wilson seeks to suggest that if the Plaintiff bears responsibility for a shortfall in the requisite number of approvals the vessel should not have been placed offhire at all. In so arguing he makes no effort to explain why the Plaintiff was responsible for any shortfall in approvals.

6.   Paragraph 14 of Mr. Wilson's Declaration suggests that if the vessel had been put into the market on back to back terms the vessel could only have been fixed at a level such that a similar loss to the US$1,893 per day differential would have been sustained. No evidence is put forward in support of this assertion and the very fact that the Head Owners Schulte withdrew the vessel from the Charterparty with Herning suggests otherwise that Schulte expected to be able to re-employ the vessel more profitably elsewhere: otherwise it would have been fairly simple for Schulte to take steps to oblige Herning to pay the hire due under the Head Charterparty.

7.   Paragraphs 16 and 17 of Mr. Wilson's Declaration suggest that the Defendant should be entitled to recover repositioning costs which they have not incurred. I do not agree: the repositioning costs which they seek to recover would be damages for breach of Charter if the vessel had been wrongly put off hire and the charter wrongly ended. The Defendant did not own the vessel, nor as I have explained in both my first Declaration and this Declaration, do I consider the Plaintiff

wrongly put the vessel offhire.  Nevertheless, the object of damages under English law is to compensate a party for its loss suffered as a result of a breach of contract by a wrongdoing party.  In the present case no attempt at all is made to set out a case that the Defendant has suffered a loss.  There is no explanation as to why the vessel is still in West Africa and, to the contrary in my submission, it is to be inferred as mentioned above that the vessel is presumably engaged in more lucrative employment while in West Africa.  The repositioning costs, if they arose at all, would be payable in the first instance by the Defendant to the Head Owners Schulte and the Defendant would then look to the Plaintiff for an indemnity for them and it is evident the Defendant has not yet paid those costs to Schulte.  Indeed the Defendant may never have to pay those costs to Schulte since Schulte has apparently not put forward any claim to recover them from the Defendant or it is has, the Defendant has been coy about disclosing such in the present proceedings.

8.    There is a further important issue which Mr. Wilson has not addressed at all.  Clause 65 of the Charterparty required the Defendant to obtain four approvals within 3 months and all seven approvals within 6 months and these were required to be maintained during the currency of the Charter.    The sanction for breach of this obligation was that Charterers are entitled to put the vessel offhire.  I explained in paragraph 6 of my First Declaration that the EXXON approval was lost on 5th June 2007 by reason of the Master's alcohol infringements.  Therefore this warranty was breached.  Mr. Wilson has not sought to take issue with this.  Accordingly the vessel was offhire at latest from 5th June 2007 even if the Defendant established a case against the Plaintiff on other grounds, which it has not done anyway.

9.    All in all I submit the Defendant has not even put forward a prima facie case to explain why it should be entitled to countersecurity and I respectfully request the Court to dismiss its application.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on 9th June 2008

in London, England

_____

JOHN HICKS

Lloyd's MIU | Vessels



**Movements For: Kristina Theresa**



**Last Position: 09-Jun-2008 10:42:02**

**Voyage Details**

🔵 **Apapa-Lagos, Nigeria**
🔲

- 6° 18' 38.28" N – 3° 23' 44.1" E
- Distance: 7.7nm
- Speed (SOG): 6.5 knots
- Course (COG): 30°
- Click here for last AIS details

- Origin:
  🔲
  Lome, Togo
- Destination: not available

Arrived: → Place: Move Type:

Sailed: → Area: Country:

| Place | | Country | Area | Arrival | | Sailed | | Details |
|---|---|---|---|---|---|---|---|---|
| 🔲 | Lome | Togo | W Africa | 19 May 2008 | | 21 May 2008 | | |
| 🔲 | Lome | Togo | W Africa | 25 Apr 2008 | | 27 Apr 2008 | | |
| 🔲 | Lome | Togo | W Africa | 25 Feb 2008 | | 26 Feb 2008 | | |
| 🔲 | Port Harcourt | Nigeria | W Africa | 10 Dec 2007 | | 14 Dec 2007 | | |
| 🔲 | Houston | U.S.A. | US Gulf | 16 Nov 2007 | 06:10 | Before 10 Dec 2007 | | |
| 🔲 | New Orleans | U.S.A. | US Gulf | 11 Nov 2007 | 04:25 | 14 Nov 2007 | 16:30 | |
| 🔲 | Panama Canal | Panama | Central America | 07 Nov 2007 | 03:29 | 07 Nov 2007 | 03:29 | Passed East |
| 🔲 | Puerto Quetzal | Guatemala | Central America | After 30 Oct 2007 | | 03 Nov 2007 | 16:00 | |
| 🔲 | Balboa | Panama | Central America | 29 Oct 2007 | | 30 Oct 2007 | | |
| 🔲 | Buenaventura | Colombia | S America - Pacific | 14 Oct 2007 | | 15 Oct 2007 | | |
| 🔲 | Manta | Ecuador | S America - Pacific | 12 Oct 2007 | | 13 Oct 2007 | | |
| 🔲 | Paramonga | Peru | S America - Pacific | After 01 Oct 2007 | | Before 12 Oct 2007 | | |
| 🔲 | San Vicente | Chile | S America - Pacific | 29 Sep 2007 | 18:00 | 01 Oct 2007 | 10:30 | |
| 🔲 | Talcahuano | Chile | S America - Pacific | 27 Sep 2007 | 01:00 | Before 29 Sep 2007 | | |
| 🔲 | Quintero | Chile | S America - Pacific | 25 Sep 2007 | 06:00 | Before 27 Sep 2007 | | |

| | Port | Country | Region | Arrival | | Departure | | Status |
|---|---|---|---|---|---|---|---|---|
| | Houston | U.S.A. | US Gulf | 27 Aug 2007 | 11:20 | Before 02 Sep 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | About 05 Aug 2007 | | About 05 Aug 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | 02 Aug 2007 | | About 03 Aug 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | About 31 Jul 2007 | | About 02 Aug 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | About 29 Jul 2007 | | About 29 Jul 2007 | | |
| | Montreal | Canada | Great Lakes - Canada | About 28 Jul 2007 | | About 28 Jul 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | After 20 Jul 2007 | | About 27 Jul 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | After 19 Jul 2007 | | About 20 Jul 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | About 19 Jul 2007 | | About 19 Jul 2007 | | |
| | Quebec | Canada | Great Lakes - Canada | About 12 Jul 2007 | | Before 19 Jul 2007 | | |
| | New York | U.S.A. | US Atlantic | 27 Jun 2007 | | 29 Jun 2007 | | |
| | Pointe aux Trembles | Canada | Great Lakes - Canada | About 19 Jun 2007 | | About 21 Jun 2007 | | Anchoring |
| | Marcus Hook | U.S.A. | US Atlantic | 11 Jun 2007 | 16:01 | 11 Jun 2007 | 20:44 | |
| | Mantua Anch. | U.S.A. | US Atlantic | 11 Jun 2007 | 11:36 | 11 Jun 2007 | 14:50 | Anchoring |
| | Westville | U.S.A. | US Atlantic | 09 Jun 2007 | 23:58 | 11 Jun 2007 | 10:40 | |
| | Portland(ME USA) | U.S.A. | US Atlantic | 29 Apr 2007 | | 29 Apr 2007 | | |
| | Montreal | Canada | Great Lakes - Canada | About 15 Apr 2007 | | About 16 Apr 2007 | | |
| | Dover Strait | U.K. | UK/Eire | 03 Apr 2007 | | 03 Apr 2007 | | Passed West |
| | Ghent | Belgium | N Cont Europe | 01 Apr 2007 | 11:44 | 03 Apr 2007 | 18:16 | |
| | Rotterdam | Netherlands | N Cont Europe | 28 Mar 2007 | 07:40 | 31 Mar 2007 | 04:55 | |
| | Corpus Christi | U.S.A. | US Gulf | 09 Mar 2007 | 07:35 | 10 Mar 2007 | 14:35 | |
| | New York | U.S.A. | US Atlantic | 28 Feb 2007 | | 03 Mar 2007 | | |
| | Santos | Brazil | S America - Atlantic | 09 Feb 2007 | 19:35 | 11 Feb 2007 | 21:20 | |
| | Matadi | Congo | W Africa | After 16 Jan 2007 | | 25 Jan 2007 | | |
| | Tema | Ghana | W Africa | 13 Jan 2007 | | 16 Jan 2007 | | |
| | Durban | South Africa | S & E Africa | 03 Jan 2007 | | 03 Jan 2007 | | |
| | Belawan | Indonesia | Far East - Asean | 15 Dec 2006 | | 19 Dec 2006 | | |
| | Singapore | Singapore | Far East - Asean | 14 Dec 2006 | | 14 Dec 2006 | | |
| | Pasir Gudang | Malaysia | Far East - Asean | 12 Dec 2006 | | 13 Dec 2006 | | |
| | Sandakan | Malaysia | Far East - Asean | 05 Dec 2006 | | 08 Dec 2006 | | |
| | Tongyong | South Korea | Far East - China Sea | Before 01 Nov 2006 | | Before 01 Nov 2006 | | Launched at |

Case 1:08-cv-03620-RMB    Document 17    Filed 06/09/2008    Page 6 of 6

Page 3 of 3

If this data is incorrect, click here to provide feedback

© 2008 Informa plc, All rights reserved.

Terms & Conditions | Privacy Statement

Lloyd's and the crest are the registered trade marks
of the Society incorporated by the Lloyd's Act 1871 by the name of Lloyd's

This site is owned and operated by Informa plc ("Informa") whose registered office is Mortimer House,
37-41 Mortimer Street, London, W1T 3JH.
Registered in England and Wales Number 3099067