UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
VARDHMAN SHIPPING PVT LTD.,           :
                                                           :
                              Plaintiff,           :        08 Civ. 3620 (RMB)
                                                           :
           -against-                                   :        **ORDER**
                                                           :
HERNING SHIPPING AS,                     :
                                                           :
                              Defendant.        :
------------------------------------------------------X

6/10/08

I.   **Background**

On or about April 15, 2008, Vardham Shipping Pvt Ltd. ("Plaintiff") filed a verified complaint ("Complaint") against Herning Shipping AS ("Defendant") for the alleged breach of a charter party agreement dated November 15, 2006. (Compl. at 1–2.) Plaintiff alleges that Defendant's "failure to obtain the necessary approvals pursuant to the vetting clause" resulted in $7,654,605.84 in damages and expenses to Plaintiff. (Compl. at 2.) On April 17, 2008, the Court issued an Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules"), and Plaintiff subsequently attached $591,639.84 of Defendant's funds. (Order of Attachment ("Order"), dated Apr. 17, 2008; Def. Mem. of Law, dated May 20, 2008 ("Def. Mem."), at 2.) On or about May 1, 2008, Defendant filed a verified answer with counterclaim ("Counterclaim") alleging, among other things, that Plaintiff's "fail[ure] to pay outstanding hire for all periods after March 26, 2008" resulted in $1,675,802.60 in damages and expenses to Defendant. (Counterclaim at 4, 6.) On or about May 7, 2008, the parties entered into a stipulation pursuant to which Defendant "agreed to provide Plaintiff with

substitute security in the form of a bank guarantee in the amount of $7,654,605.84." (See Stipulation and Order, dated May 7, 2008.)

On or about May 20, 2008, Defendant filed an order to show cause, pursuant to Rule E(7) of the Supplemental Rules, arguing that "Plaintiff should be ordered to post countersecurity in the amount of $1,675,802.60" because Defendant "is entitled . . . to security . . . for its counterclaim." (Def. Mem. at 1, 8.) On or about May 30, 2008, Plaintiff filed an opposition brief ("Opposition") arguing that the Court should "deny the instant motion for countersecurity" because "the counterclaims advanced by [Defendant] are non-actionable as a matter of law, frivolous, and speculative." (Opp. at 7.) On or about June 2, 2008, Defendant filed a reply brief ("Reply"). On June 10, 2008, the parties appeared for oral argument.[1] (See Hearing Transcript, dated June 10, 2008.)

**For the reasons stated below, Defendant's motion for countersecurity is granted.**

## II.  Legal Standard

"Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or [counter-]claimant in the original action has given security to respond in damages, [] plaintiff . . . shall give security . . . to the claims set forth in such counterclaim . . . ." Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc., 56 F.3d 394, 399 (2d Cir. 1995) (citing Supplemental Rule E(7)). "Although this Rule initially appears to make the posting of countersecurity mandatory whenever its conditions are satisfied, . . . the trial court possesses broad discretion in deciding whether to order countersecurity under such conditions." Id.

---

[1] At oral argument, Plaintiff informed the Court that it filed a sur-reply on June 9, 2008, to which Defendant objected. (See Hearing Transcript, dated June 10, 2008.) The sur-reply does not impact this decision. (Id.)

**III.   Analysis**

Defendant argues, among other things, that "both Plaintiff's alleged claims and Defendant's Counterclaim arise from the charter party dated November 15, 2006 entered into between the parties"; "requiring Plaintiff, which is a substantial business entity, to post countersecurity in the amount of $1,675,802.60 would not pose any undue burden"; and "an order directing Plaintiff to provide countersecurity in the instant scenario would also serve equitable purposes." (Def. Mem. at 9–10.)

Plaintiff counters, among other things, that Defendant's counterclaims "are non-actionable as a matter of English law, cannot be pursued in good faith as a matter of fact, and are totally lacking in merit"; and Defendant "does not produce any witness statements or other evidence or proof that that these claims have any basis in fact or law." (Opp. at 7, 10.)

"[C]ourts need to be cautious in addressing the merits of [] disputes at the very preliminary stage of litigation at which security and countersecurity issues typically arise." See Voyager Shipholding Corp. v. Hanjin Shipping Co., Ltd., 539 F. Supp. 2d 688, 691 (S.D.N.Y. 2008). "This is particularly so when the ultimate merits will be decided not by this Court, but by an arbitration panel in another country" (i.e. this case in England). Id. Plaintiff is incorrect to contend that in order to obtain countersecurity, Defendant needs to support its claim(s) with evidence, and Plaintiff's submission of "an opinion of an English solicitor [stating] that [Defendant] will not prevail on its claims . . . does not indicate that the claim is frivolous." Id. at 692. Countersecurity should be posted by Plaintiff because, among other reasons, Plaintiff fails to show that Defendant's "counterclaims [] are blatantly without merit." See id. at 691–92.

3

IV.  **Conclusion and Order**

For the reasons stated above, Defendant's motion for countersecurity is granted. Counsel and principals are directed to participate in a status/settlement conference on Tuesday, September 9, 2008, at 9:30 a.m., in Courtroom 21D, 500 Pearl Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
       June 10, 2008

_____
RICHARD M. BERMAN, U.S.D.J.