214-08/MEU/SL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VARDHMAN SHIPPING PVT LTD,

                                                    **08 CV 3620 (RMB)**

        -against-


HERNING SHIPPING AS,

                        Defendant.
-----------------------------------------------------------------x




**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
SEEKING IN PART RECONSIDERATION OF THE ORDER OF JUNE 10, 2008
AND SEEKING IN PART THE REOPENING OF EVIDENCE WITH RESPECT
TO DEFENDANT'S APPLICATION FOR COUNTER-SECURITY**




                        FREEHILL HOGAN & MAHAR, LLP
                        Attorneys for Plaintiff
                        VARDHMAN SHIPPING PVT LTD.
                        80 Pine Street
                        New York, NY 10005
                        (212) 425-1900
                        (212) 425-1901 fax


Of Counsel
Michael E. Unger (MU 0045)

NYDOCS1/307292.2

## PRELIMINARY STATEMENT

Plaintiff VARDHMAN SHIPPING PVT LTD. (hereinafter "VARDHMAN"), by its undersigned counsel, Freehill Hogan & Mahar, LLP, respectfully submits this memorandum of law in support of its motion seeking in part reconsideration of the Court's June 10, 2008 Order directing the posting of counter-security and seeking in part the reopening of evidence with respect to Defendant HERNING SHIPPING AS (hereinafter "HERNING")'s underlying motion for counter-security. For the reasons set forth herein, VARDHMAN's motion should be granted.

## SUMMARY OF MOTION

In its Answer and Counterclaim, Defendant HERNING sets forth four counterclaims for which it requested counter-security.[1] Of these four claims, HERNING voluntarily withdrew one (asserting a claim for bunkers) as entirely untenable. The Court's June 10 Order awarded HERNING counter-security with respect to the remaining three claims. VARDHMAN here seeks reconsideration with respect to two of these claims, for lost profit and for repositioning costs, and seeks to reopen the evidence with respect to both claims. VARDHMAN maintains that both these claims are demonstrably frivolous and that counter-security for these two claims should not be required.

## ARGUMENT

### Point I

### RECONSIDERATION IS APPROPRIATE

Rule 59(e) provides that re-argument is appropriate when a court overlooks "controlling decisions or factual matters" that bear on the outcome of the motion and which, if examined, might reasonably have led to a different result. *See Saunders v.*

---

[1] HERNING also sought counter-security for interest and for the fees and costs of London arbitration.

*Edwards*, 2003 U.S. Dist. LEXIS 23088 (S.D.N.Y. Dec. 22, 2003) (Buchwald, J.),

*quoting Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). *See also Krepps v.*

*Reiner*, 2006 U.S. Dist. LEXIS 22112 (S.D.N.Y. Apr. 20, 2006) (Sweet, J.); *Yadav v.*

*Brookhaven National Laboratory*, 219 F.R.D. 252 (E.D.N.Y. Jan. 8, 2004) (Spatt, J.).  To

receive reconsideration pursuant to Local Civil Rule 6.3, "the moving party must

demonstrate controlling law or factual matters put before the court on the underlying

motion that the movant believes the court overlooked and that might reasonably be

expected to alter the court's decision." *Word v. Croce*, 2004 U.S. Dist. LEXIS 3643, *2

(S.D.N.Y. March 9, 2004).  Alternatively, "reconsideration may be granted to correct

clear error, prevent manifest injustice or review the court's decision in light of new

evidence." *Id.* Accordingly, by such a motion, a court is provided "with an opportunity

to correct manifest errors of law or fact [or] consider a change in the applicable law" so

long as the movant offers no new facts, issues or arguments not previously presented the

court.   *Id.* It is respectfully submitted that the Court here applied an incorrect legal

standard and overlooked controlling factual matters, the confluence of which resulted in a

decision that should be reconsidered.

In reaching its Order of June 10, the Court held as follows:

> Plaintiff is incorrect to contend that in order to obtain
> counter-security, Defendant needs to support its claim(s)
> with evidence, and Plaintiff's submission of 'an opinion' of
> an English solicitor [stating] that [Defendant] will not
> prevail on its claim(s) . . . does not indicate that the
> claim(s) is frivolous....[C]ounter-security should be posted
> by Plaintiff because, among other reasons, Plaintiff fails to

---

[13] "Applications to amend or alter judgments under Fed.R.Civ.P. 59(e) or for reconsideration under
S.D.N.Y. Local Rule 6.3 are evaluated under the same standard." *Word v. Croce*, 2004 U.S. Dist. LEXIS
3643 (S.D.N.Y. Mar. 9, 2004) (Swain, J.).

> show that Defendant's "counterclaims"...are blatantly
> without merit.

In support of this holding the Court cited *Voyager Shipholding Corp v. Hanjin Shipping Co. Ltd.*, 539 F. supp 2d 688, 691-92 (S.D.N.Y. 2008).

*Voyager*, though, is inapposite to the situation before the Court in this matter. In *Voyager*, the Plaintiff produced an Opinion of an English solicitor that the Defendant was not likely to succeed on the theory of its case in the London arbitration. The *Voyager* Defendant, on the other hand, submitted an Opinion of an English solicitor that it had a good and arguable case under English law. The *Voyager* Court concluded that it was not in a position to resolve the dispute between the dueling English solicitors' opinions.

This matter is more properly viewed in light of the well-established decisions of this Court in *Finecom* and *Naias*. In *Finecom*, Judge Lynch found that "[t]he premise that countersecurity will not be required on the basis of frivolous counterclaims is a sound one." *Finecom Shipping Ltd. v. Multi Trade Enterprises AG*, 2005 U.S. Dist. LEXIS 25761, *3 (S.D.N.Y. Oct. 25, 2005), *citing Starboard Venture Shipping, Inc. v. Casinomar Transp., Inc.*, 1993 U.S. Dist. LEXIS 15891, *6 (S.D.N.Y. Nov. 9, 1993).[2] Before Judge Lynch in *Finecom* was an argument as to which of two documents was the valid agreement between the parties. Neither document was signed and Judge Lynch held that on such a record, the Court could not make a determination of frivolity, particularly where the merits of such allegations were properly heard in arbitration in

---

[2] Judge Stein recently held similarly in *North Offshore AS v. Rolv Berg Drive AS*, 2007 U.S. Dist. LEXIS 87648 (S.D.N.Y. Nov. 29, 2007). There, the Court affirmed that it had the discretion to deny counter-security applications for cause shown, including where a counterclaim is frivolous, speculative, and/or clearly lacking in merit. In *North Offshore*, Judge Stein denied the defendant's Rule E(7) application for counter-security as frivolous on its face.

another country.  This is not to say, however, that the Court is ***never*** in a position to determine the frivolity of a party's claims.

In *Naias Marine S.A. v. Trans Pacific Carriers Co. Ltd.*, 2008 U.S. Dist. LEXIS 2438 (Jan. 10, 2008), the plaintiff brought a claim for security which properly should have been brought as a counter-claim to a previously filed action against it by the defendant.  *Id.* at *16-17.  Nevertheless, the Court reviewed whether the plaintiff's complaint should have been dismissed outright.[3]  There, the defendant proffered the opinion of its English counsel that plaintiff's claim did not give rise to an admiralty cause of action under English law.  Plaintiff provided no rebuttal on English law: "Naias asserts that the Court should disregard Trans Pacific's arguments and Mr. Cross's Declaration, but has failed to put forth any alternative interpretation of English law." *Id.* at *11.  Where a defendant is unable to demonstrate that its counterclaims are non-frivolous (here, VARDHMAN argued that HERNING's claims were frivolous as unsupported by English law or the governing facts), then counter-security should be denied.

In the matter before this Court, VARDHMAN's English solicitor submitted a Declaration that made clear that under English law, if a party has no ship to let, then it cannot claim lost profits from the inability to let a ship.  Defendant HERNING did not oppose this statement of English law in any way and this principle of English law is therefore (for the purposes of this matter) settled.  Here, HERNING asserts a counterclaim for lost profits with respect to its inability to let the M/V KRISTINA THERESA.  In allowing counter-security for such a claim, it appears evident that this Court overlooked the crucial fact that HERNING did not have this ship to let, because the

---

[3] The issue concerned the question of whether admiralty jurisdiction had been properly invoked.

owners of the ship retook possession when HERNING failed to pay required charter hire. It is plain on the facts and the law that this counterclaim cannot stand and that the Court overlooked crucial law and fact in allowing (instead of disallowing) counter-security for this counterclaim.

A similar issue arises with respect to the counterclaim for repositioning costs. Again, VARDHMAN's English solicitor's Declaration sets forth that under English law no claim for repositioning costs is cognizable if no re-positioning occurs. Again, this point of English law was uncontested by anything submitted by Defendant HERNING and must therefore be accepted as true for purposes of this case. At the time of the motion, it was shown by VARDHMAN that the vessel remained in Cotonou, West Africa and had not been re-positioned to Gibraltar. Accordingly, since the cost had not been incurred, under English law no valid claim could be asserted. HERNING's claim that it could be liable to exposure for such a contingency was plainly unripe in a situation where not even the owner had yet repositioned the ship. Once again, it appears evident that this Court overlooked the crucial fact that no cause of action for repositioning costs existed because no such costs had been incurred. It is plain on the facts and the law that this counterclaim cannot stand and that the Court overlooked crucial law and fact in allowing (instead of disallowing) counter-security for this counterclaim.

For all the foregoing reasons, this Court should reconsider its award of counter-security to HERNING on these two counterclaims.

## POINT II

### THE COURT SHOULD RE-OPEN THE EVIDENCE
### WITH RESPECT TO THE REPOSITIONING COUNTERCLAIM

VARDHMAN also moves this Court pursuant to Rule 60(b) to reopen the evidence in this matter with respect to HERNING's counterclaim for repositioning costs. Under Rule 60(b)(2):

> On motion and just terms, the court may relieve a party...from a final judgment, order, or proceeding for the following reasons:
>
>              * * *
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

It is well-settled that relief under this Rule may be granted on the basis of new evidence where: (1) the evidence has been newly discovered; (2) the moving party was diligent in discovering the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) in view of the new evidence, a different result would probably be produced. *Moron-Barradas v. Dep't of Educ. Of Puerto Rico*, 488 F.3d 472, 482 (1st Cir. 2007); *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). The new evidence must also be both admissible and credible. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

Here, as noted above, at the time of HERNING's application for counter-security, the vessel was still in Cotonou, West Africa. This fact was demonstrated to the Court and HERNING did nothing to advise either VARDHMAN or the Court that the situation was otherwise. In point of fact – as discovered only recently (*see* accompanying Shah Declaration) – after the vessel's owners repossessed the vessel from HERNING due to

HERNING's failure to pay charter hire, the vessel's owners re-let the vessel to another party, Gateway, which took the vessel over from her last position in Cotonou. Accordingly, the vessel (a) was never repositioned to Gibraltar, (b) was never going to be repositioned to Gibraltar, and (c) no claim for repositioning costs could ever be asserted under such circumstances.    Under these circumstances, counter-security for this counterclaim should not and, it is respectfully submitted – cannot – be allowed.

Moreover with respect to the re-letting of the vessel to Gateway, the newly discovered evidence shows that after the vessel was repossessed by the owners, because the market had improved the vessel was re-let by owners *__at a higher rate than was being__* *__paid by VARDHMAN__*.    Accordingly, this new evidence shows that had HERNING actually still had control of the vessel, it would have suffered no damages because it could have re-let the vessel at a higher rate. *See* Shah Declaration ¶9-12. Accordingly, on the basis of this new evidence, HERNING's counterclaim for lost profits should also be denied countersecurity.

For the foregoing reasons, the Court should re-open the evidence in Defendant's Rule E(7) application and should deny counter-security for the counterclaim for repositioning costs.

## CONCLUSION

HERNING's counterclaims for lost profits is not only frivolous given its lack of a legal right to continue to let the ship after it was withdrawn by its owners but is also unfounded factually in that the market rate for the vessel exceeds what VARDHMAN was paying. The counterclaim for repositioning costs is also frivolous and cannot be

pursued in good faith as a matter of fact since these costs have not and will not be incurred.

For the reasons set forth above, HERNING's motion for counter-security with respect to the counterclaims for lost profits and for repositioning costs should be denied in all respects as each of these claims as asserted are either barred as a matter of English law or are entirely frivolous and unsupportable.

Dated: New York, New York
      June 24, 2008

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
VARDHMAN SHIPPING PVT LTD.

By:          _____

Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (fax)